J-A01035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                               :       PENNSYLVANIA
                               :
            v.                 :
                               :
                               :
                               :
SHAMAR CLARK                   :
                               :
            Appellant          :   No. 1558 EDA 2017

Appeal from the Judgment of Sentence Entered January 12, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
          No(s):  CP-51-CR-0001767-2016

BEFORE:  OTT, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MAY 14, 2019**

Shamar Clark appeals the judgment of sentence entered following his convictions for possession with intent to deliver a controlled substance, knowing and intentional possession of a controlled substance, and conspiracy.[1] He challenges the sufficiency of the evidence, claiming that the chain of custody of the narcotics was incomplete and unreliable. We affirm.

At Clark's bench trial, the Commonwealth presented the following evidence. Officer Jason Seigafuse testified that he observed the following while conducting narcotics surveillance:

> [Officer Seigafuse]: Defendant Clark here had the cigarette box in his hand, he would hand that cigarette off to Mr. Collier [(his co-defendant)] as Mr. Collier would dip them into the liquid [(alleged PCP)], and then hand them off to each of those buyers.

---

[1] 35 P.S. §§ 780-113 (a)(30), (a)(16), and 18 Pa.C.S.A. § 903(a), respectively.

N.T., Trial, 5/9/16, at 13.

Two of the buyers were stopped. *Id.* at 14. Officer Seigafuse testified that police recovered "two wet Newport cigarettes with a strong odor of alleged PCP," from the first buyer. *Id.* The Commonwealth did not place on the record the number of the property receipt ("PR") that was related to these two cigarettes. However, it moved into evidence the seizure analysis for the cigarettes, which referred to PR 3007637 ("PR 37"). *Id.* at 35; *see also* Seizure Analysis for PR 3007637.

Officer Seigafuse also testified that from the second buyer, police seized "one wet Newport cigarette with a strong odor of PCP," and they placed it on PR 3007638 ("PR 38"). N.T., Trial, at 14, 29.

The parties then stipulated on the record that the forensic analyst who received the cigarettes and property receipts would testify that on PR 37, she received one cigarette, rather than two, whereas on PR 38, she received two cigarettes instead of one. *Id.* at 36; *see also* D-3 (Correction to Property Receipt Memos).

The Commonwealth, with no objection from defense counsel, then moved into evidence both seizure analyses for the above referenced property receipts. N.T., Trial, at 35. Each read that only one item was collected and only one item was tested. *See* Seizure Analyses for PR 37, 38. The trial court found Clark guilty of all charges and sentenced him at a later date. Clark filed a post-sentence motion challenging the weight of the evidence, which was

denied by operation of law. **See** Post-Sentence Motion, filed 1/13/17, at ¶ 8.

This timely appeal followed.

Clark asks us to review one question:

> Was not the evidence insufficient to sustain Shamar Clark's convictions for possession with intent to deliver a controlled substance, simple possession of a controlled substance, and conspiracy, where the chain of custody connecting the items recovered in this case to the narcotics tested at the laboratory was so incomplete and unreliable that the Commonwealth failed to establish that Shamar Clark possessed, distributed or conspired to possess or distribute a controlled substance?

Clark's Br. at 3.

Clark maintains that the evidence was insufficient because the chain of custody in this case was unreliable. He argues that "[t]he evidence connecting the items tested by the laboratory to items observed being passed on the street is so riddled with holes that it is impossible to know what exactly was seized, let alone sent to the laboratory." **Id.** at 10. These arguments go to the weight, rather than the sufficiency, of the evidence. **See Commonwealth v. Feliciano**, 67 A.3d 19, 29 (Pa.Super. 2013) (*en banc*) ("Gaps in the chain of custody . . . go to the weight of the evidence"). Clark's allegation is not a basis on which to find the evidence insufficient.

In contrast, there is no weight challenge properly before us. While Clark's Pa.R.A.P. 1925(b) statement challenged the weight of the evidence, and he raised a weight claim in his post-sentence motion, he abandoned the issue on appeal and instead argues the sufficiency of the evidence. **See** Pa.R.A.P. 1925(b) Statement, filed 1/17/18, at ¶ 2; **see also Gurley v.**

***Janssen Pharmaceuticals, Inc.***, 113 A.3d 283, 288 n.11 (Pa.Super. 2015) (concluding that appellant abandoned issues raised in 1925(b) on appeal by not including same challenges in statement of questions presented). In any event, even if Clark's weight claim were properly before us, the trial court rejected the claim and we perceive no abuse of discretion in its having done so. ***See*** Trial Court Opinion, filed 5/25/18, at 6-7.

Judgment of sentence affirmed.

Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/14/19